UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY SHANNON,

    Plaintiff,

vs                                                  Case No: 14-14153
                                                     Honorable Victoria A. Roberts

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendants.
_____/

**ORDER:**

**(1)    GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERTS (DOC. 14); AND**
**(2)    DENYING PLAINTIFF'S AMENDED MOTION TO REOPEN LIMITED DISCOVERY (DOC. 18).**

These two motions are pending. They are fully briefed.

State Farms moves to strike plaintiff's expert in this breach of contract case in which State Farm defends by alleging a fire at Plaintiff's property was intentionally set, for the following reasons:

    1.    Expert disclosures - including reports - were due May 8, 2015;

    2.    Plaintiff failed to identify an expert witness in initial disclosures;

    3.    Plaintiff failed to timely respond to written discovery requests concerning experts;

    4.    Plaintiff failed to sign a stipulation provided by defense counsel that would have extended the time to provide expert discovery;

    5.    Not until the eve of a status conference scheduled because of Plaintiff's

> failure to engage in discovery as required, did Plaintiff disclose the names of three proposed experts and discovery responses were otherwise insufficient; and

6. On July 13, 2015, Plaintiff finally filed a report for only one expert. Defendant's Motion to Strike Plaintiff's Experts followed.

Part and parcel of Defendant's motion is Plaintiff's motion to extend discovery, filed on September 2, 2015. Plaintiff requests an extension of the discovery cut-off date of August 31, 2015 to allow the defense to depose his experts. The defense notes in its response to Plaintiff's motion, that since this case was filed in 2014, Plaintiff has not taken any depositions or propounded any written discovery. On the other hand, the defense propounded two sets of written discovery, conducted four depositions and issued 15 subpoenas.

Fed. R. Civ. P. 16 (b)(4) allows for the reopening of discovery upon a showing of good cause. Generally speaking, this requires a showing of diligence in efforts to meet the Court's scheduling order requirements; courts may also consider prejudice to the nonmoving party. *Smith v. Holston Med. Group, P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014).

However, lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v Ocwen Technology Xchange, Inc.,* 200 F.R.D. 564, 567 (S.D. W. Va. 2001).

The only reason given by Plaintiff for his failure to abide by dates to comply with discovery deadlines, is that he "did not have the funds to retain the same." Additionally, Plaintiff, an attorney, says the "Defendant's ongoing denial to issue payment on the

2

claim and Plaintiff's inability to rent out the property that is the subject of this litigation, stunted Plaintiff's income." Plaintiff says he had no money to hire an expert.

Defendant points out that this "lack of funds" argument has been advanced by the same lawyer who represents this Plaintiff, in another case pending in this Court with similar facts but a different client. *Durant v. State Farm,* 14-13054. In *Durant*, Plaintiff filed a motion - denied by the Court - to reopen discovery because of financial hardship.

Defendant also responds to Plaintiff's motion by stating Plaintiff earns $60,000.00 per year as a salaried employee, owns 20 rental properties, and conducts a private legal and real estate business.

The Court finds Plaintiff's financial hardship argument to be specious; it does not account for his lack of diligence in meeting the Court's deadlines to provide expert disclosures. Plaintiff's lack of diligence is why the Court will grant Defendant's motion to strike his experts.

As already stated, Plaintiff has engaged in no discovery. He provides no good reason for failing to provide expert disclosures when due. He failed to supplement his disclosures when finally made. He failed to fully answer interrogatories pertaining to experts. He has - belatedly - filed only one expert report. Discovery closed on August 31, 2015.

For his failure to comply with Fed. R. Civ. P. 16 (b)(4), 26 (a)(2)(B) and (C) and 37 (c), Plaintiff's Motion to Reopen Limited Discovery is **DENIED**.

Defendant's Motion to Strike Plaintiff's Expert is **GRANTED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 28, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 28, 2015.
>
> s/Linda Vertriest
> Deputy Clerk