IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY SHANNON,

    Plaintiff,                                                      Case No.: 14-cv-14153
                                                                       HON. VICTORIA ROBERTS

v.

STATE FARM INSURANCE COMPANY

    Defendant.

---

**ORDERS CONCERNING STATE FARM'S MOTIONS:**

**(1) TO PROHIBIT REFERENCES TO SHANNON'S NON-PROSECUTION FOR ARSON**

**(2) TO BAR REFERENCES TO FIRES OR ARSON IN SHANNON'S NEIGHBORHOOD/ THE CITY OF HARPER WOODS**

**(3) FOR AN ORDER THAT THE BROAD EVIDENCE RULE IS USED FOR DETERMINING ACTUAL CASH VALUE**

**(4) TO LEAD PROOFS**

**(5) FOR A BIFURCATED TRIAL**

---

**I.     INTRODUCTION**

Kenny Shannon ("Shannon") sues State Farm Insurance Company ("State Farm") for (1) breach of contract and (2) violation of the Michigan Uniform Trade Practices Act ("UTPA"). MCL 500.2006. Before the Court are five motions *in limine*. Oral argument was heard on Tuesday, April 25, 2016. Then, the parties stipulated to the relief requested in motion (1) above; it is **GRANTED**. Also at the hearing, State Farm withdrew motion (5).

The Court **GRANTS** the relief requested motions in (2) and (3) and **DENIES** (5).

1

## II. BACKGROUND

State Farm issued Shannon an insurance policy covering losses to his home located at 15090 Steel Street, Detroit, MI. State Farm admits the existence of the insurance policy. On March 24, 2014 Shannon lost the home in a fire. He notified State Farm of the loss and the company issued a claim number. State Farm admits that Shannon notified the company of the fire on March 24, 2013 and of his intention to submit claims under the policy. He did submit Proof of Loss documentation within the time prescribed. While State Farm admits that Shannon submitted a document claiming to be a Sworn Statement in Proof of Loss, it maintains that the document contains false information.

Shannon says he fully complied with all terms, conditions, and provisions of the insurance policy. He says the policy of insurance was in full effect at the time of the loss and damage, and State Farm, though repeatedly requested to do so, failed and refused to pay him the amount due. State Farm denied liability to Shannon; it believes that Shannon or persons acting in concert with him intentionally set and arranged the fire.

## III. STANDARD OF REVIEW

The Sixth Circuit reviews a district court's decision to exclude evidence *in limine* for abuse of discretion. *United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004); *see also Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 141 (1997). A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir. 1995).

IV.     ANALYSIS

A.  SHANNON CANNOT MENTION THAT HE HAS NOT BEEN PROSECUTED FOR ARSON

The parties stipulated to the relief requested in State Farm's first motion. It is **GRANTED**.

B.  THE COURT WILL NOT ALLOW REFERENCES TO FIRES OR ARSON IN SHANNON'S NEIGHBORHOOD/ CITY OF HARPER WOODS

State Farm moves to preclude evidence of or references to other fires or arson fires in the neighborhood surrounding Shannon's property, or in the City of Harper Woods. State Farm makes two arguments: (1) the evidence is irrelevant and should be precluded under Fed. R. Evid. 401; and (2) the evidence should be precluded under Fed. R. Evid. 403 as more prejudicial than probative.

**A. Rule 401**

Rule 401 provides that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). This is not a high bar to clear: "The rules regarding relevancy…. are quite liberal and provide that evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence is relevant." *Robinson v. Runyon,* 149 F.3d 507, 512 (6th Cir. 1998).

State Farm argues that any evidence Shannon may attempt to introduce regarding fires would be hearsay. The company further alleges there is no evidence of a pattern of fires in Shannon's neighborhood, nor are there any proven similarities between fires in Shannon's neighborhood and the fire on his property. Shannon argues that he merely would like to elicit evidence that the area is "prone" to fires.

3

Evidence of other fires near Shannon's property may have a tendency to show that Shannon may not have been responsible for the fire. And, the occurrence of other fires may give rise to an inference that those other fires were intentionally set, and may have been related to the fire at Shannon's property. Rule 401 itself does not bar admission of evidence of or reference to other fires. The Court finds the evidence may have some relevancy but would be barred by Rule 403.

**B. Rule 403**

Assuming evidence of other fires may have some relevancy, Shannon must still clear the Rule 403 hurdle.

Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In applying Rule 403, courts "must look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *Andring v. Allstate Prop. & Cas. Ins. Co.*, No. 14-11086, 2015 WL 736353 (E.D. Mich. Feb. 20, 2015).

In State Farm's view, the evidence of other fires has minimal probative value: absent proof of arson or of other similarities to the fire at Shannon's property, evidence of the other fires only helps prove that those fires happened and nothing more. *State Farm's Mot. In Limine*, 5-6 ECF No. 30. The company also says that the evidence of other fires would confuse the jury. *Id.*

The fact that fires occur in geographic proximity has some probative value beyond the fact of incidence. Even when maximized, that probative value is small, without any evidence of connection between the other fires and the fire at Shannon's property. Even when minimized, the risk of unfair prejudice to State Farm is quite high. A jury could reasonably find that Shannon

4

was not responsible for the fire at his property based on an unsubstantiated assumption that other fires in the neighborhood were all caused by arson.

The probative value of evidence regarding other fires is substantially outweighed by its prejudicial effect to State Farm. State Farm's second motion is **GRANTED**.

### C.  THE BROAD EVIDENCE RULE WILL BE USED FOR DETERMINING ACTUAL CASH VALUE

State Farm's third motion seeks a ruling that both the company and the jury can use the "Broad Evidence Rule" to determine the "Actual Cash Value" of Shannon's property.

State Farm argues that the "Broad Evidence Rule" permits jurors to rely on any evidence that will assist them in determining the "Actual Cash Value" of the property. *State Farm's Mot. In Limine*, 7-8 ECF No. 30. Shannon argues he would be unable to rebuild the home if State Farm pays "Actual Cash Value" for the property; he requests damages to be assessed at "Replacement Value."

Shannon's insurance policy requires payment of "Actual Cash Value" for his property. "Actual Cash Value" is undefined by the plain language of his insurance policy and State Farm argues that the term is unambiguously defined under Michigan law. The Court agrees.

When "Actual Cash Value" is undefined by the plain language of an insurance policy, Michigan Law requires use of the "Broad Evidence Rule." In *Evanston Ins. Co. v. Cogswell Properties, LLC,* the Sixth Circuit stated that when "the policy does not define 'Actual Cash Value,' all evidence relevant to an accurate determination of the property's value must be considered." 683 F.3d 684, 688 (6th Cir. 2012). The Sixth Circuit highlighted that "Michigan courts recognize that no set method of valuation is necessary within the appraisal context.... Market value, replacement value, and other means of valuation are merely guides, rather than

shackles compelling strict adherence." *Id.* "Michigan law favors considering all evidence relevant to an accurate determination of the property's value." *Id.*

In *Commodity Res., Inc. v. Certain Underwriters at Lloyds, London*, this District embraced the "Broad Evidence Rule" when appraising Michigan property. No. 2:12-CV-10173, 2013 WL 607772 (E.D. Mich. Feb. 19, 2013).

State Farm correctly states the binding rule in the Sixth Circuit and Michigan.

The Court relies upon the Sixth Circuit's decision in *Evanston* and this District's decision in *Commodity Res., Inc.*, to conclude that the "Broad Evidence Rule" will apply to determine damages since the term "Actual Cash Value" is not defined in the insurance contract.

Accordingly, State Farm's motion is **GRANTED**.

However, at the hearing, State Farm says evidence of "Replacement Cost" will still be admitted and the jury will be asked to assess both the "Actual Cash Value" and "Replacement Value" of Shannon's property.

### D.  STATE FARM WILL NOT BE ALLOWED TO LEAD PROOFS

State Farm seeks to reverse the order of proofs at trial so that it can open and proceed first with its defense.

State Farm says the parties can stipulate that there is no disagreement over the fact of coverage, that a fire occurred, that Shannon submitted a timely claim, and that State Farm did not pay. State Farm says these stipulations and proofs could begin with State Farm's defense of fraud and arson.

The Court has broad discretion to resolve this issue. *Nissan v. State Farm Fire & Cas. Co.,* Case No. 11–13047, 2013 WL 4482957 (E.D. Mich. Aug. 20, 2013). This is a breach of contract case and Shannon has the burden to prove this claim. Given that, the Court believes it is

6

appropriate to allow Shannon to open and to rebut any defense that may be offered. Allowing State Farm to lead proofs would increase the potential for confusing the jury—presenting the case as if Shannon were the accused—and being sued for arson. Maintaining the normal order will avoid such confusion and make it clear that the case is about Shannon's claim that State Farm breached the contract to pay his insurance claim. And, as Shannon's counsel pointed out at the hearing, State Farm does not stipulate that it breached the insurance contract.

The Court is concerned that changing the normal order of proofs will unduly prejudice Shannon. State Farm's request to lead proofs at trial is **DENIED**.

### E. THE COURT DECLINES TO BIFURCATE PROOFS

This motion is withdrawn.

### V. CONCLUSION

The parties stipulate to State Farm's motion (1); it is **GRANTED**. The Court **GRANTS** State Farm's motions (2) and (3). The Court **DENIES** State Farm's motion (4). State Farm withdraws motion (5).

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 29, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 29, 2016.

s/Linda Vertriest
Deputy Clerk