UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY SHANNON,

              Plaintiff,

vs.

STATE FARM INSURANCE COMPANY,

              Defendant.

Case No. 2:14-cv-14153
Hon. Victoria A. Roberts

Magistrate Judge Michael J. Hluchaniuk

---

**TODD R. PERKINS   (P55623)**
**THE PERKINS LAW GROUP, PLLC**
Attorneys for Plaintiff
615 S Griswold, Suite 400
Detroit, Michigan 48226
(313)964-1702
tperkins@perkinslawgroup.net

**SHELLY LEE GRIFFIN (P49488)**
**CARY R. BERLIN (P64122)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
27777 Franklin Road, Suite 1400
Southfield, Michigan 48034
(248) 356-8590m
sgriffin@pjmpc.com

---

## JOINT FINAL PRE-TRIAL ORDER

### 1.   JOINT STATEMENT OF THE CASE

This case involves a claim for damages following a March 24, 2014 fire at the residential property located at located at 15090 Steel Street, Detroit, Michigan.  The property was insured under a rental dwelling policy issued by State Farm, insuring Shannon Global Enterprises' interest in the dwelling, business property/personal property and loss rents.

State Farm conducted a thorough investigation into the claim, which included retaining a private fire investigator to determine the origin and cause of the fire, as well, conducting the examination under oath of Kenny Shannon, the president and owner of Shannon Global Enterprises.  After completing its investigation, State Farm formally denied liability to the

Plaintiff under the policy's Intentional Acts exclusion and Concealment or Fraud provision related to its belief that Kenny Shannon or persons in connection with him had intentionally set and/or arranged for the setting of the March 24, 2014 fire.   In addition, State Farm believed that Mr. Shannon misrepresented and concealed, among other things, his involvement with the fire and the true extent of loss sustained, *which Mr. Shannon denies.*

Thereafter, the Plaintiff filed suit for breach of the insurance contract and violation of Michigan's Uniform Trade Practices Act.

## 2.   PLAINTIFF'S CLAIMS/ THEORY OF PLAINTIFF'S CASE

This incident arose from a fire that occurred at Plaintiff's rental property located at 15090 Steel Street, Detroit, Michigan, on or about March 24, 2014.   At the time of the fire damage, Plaintiff's real property, business personal property, and loss of rents as a result of the fire, were covered under the the a valid rental policy issued by Defendant, State Farm.   Plaintiff rented this property to a third-party tenant who left a hookah burning in his upstairs bedroom before leaving the home. During the course of discovery, it was determined that the hookah is the sole cause of origin. Plaintiff timely made a claim under the rental policy, which was wrongfully denied by Defendant, resulting in the instant action.

Plaintiff vehemently disputes any involvement with the fire, or its occurrence, and claims that the fire was accidental within the meaning of the policy.   Further, Plaintiff denies having any knowledge or providing any consent to any other individual to cause or set the fire, and further states that he never concealed or misrepresented any such facts to State Farm during the course of its investigation of the claim, including, but not limited to, the amount of damages sustained. Further, Plaintiff submits that he does not have any on-going scheme to defraud insurance carriers

as he never intentionally made any claims with any intent to defraud an insurance company.

Plaintiff contends that he is entitled to damages for the replacement cost of the dealing, his business property, and loss of rents, exclusive of interests, fees and costs.

### 3.   DEFENDANT'S CLAIMS/ THEORY OF DEFENDANT'S CASE

The Defendant, State Farm Fire and Casualty Company, denied the Plaintiff's claims under a rental dwelling policy based upon its belief that the March 24, 2014 fire was not "accidental" within the meaning of the policy but, rather, was intentionally set by and/or at the direction, or with the knowledge and consent of the Plaintiff, which nullifies his right to any recovery under the policy.  State Farm also maintains that the Plaintiff made false representations and otherwise concealed the truth regarding material matters in connection with State Farm's investigation of the claim, including the facts and circumstances surrounding the March 24, 2012 fire and his wrongful connection to the fire.

State Farm believes that the Plaintiff set the fire as part of an on-going scheme to defraud insurance carriers.

### 4.   STIPULATION OF FACTS



*Read To Jury*

The parties stipulate to the following facts:

a.   State Farm is a foreign insurance corporation, licensed and authorized to provide property and casualty insurance in the State of Michigan, including in Wayne County, Michigan.

b.   At all times material hereto, the Plaintiff was a citizen of the State Michigan.

c.   Jurisdiction is based upon diversity of citizenship and the amount in controversy.

d.   The Rental Dwelling policy, numbered **92-B4-M355-6**, issued by State Farm insured the Plaintiff's company, Shannon Global Enterprises, LLC's interest in the rental premises located at 15090 Steel Street, Detroit, Michigan as well as the business property contained therein, and was in full

force and effect on March 24, 2014, subject to all of the terms, conditions, limitations and exclusions set forth in the policy.

e.    The subject insurance policy provided coverage in the following amounts:

| | |
|---|---|
| Dwelling | $96,800.00 |
| Business Property | $4,840.00 |
| Loss Rents | "Actual" |
| Deductible | $1,000.00 |

f.    A fire occurred at the Steel Street premises on March 24, 2014.

g.    Mr. Shannon executed a Sworn Statement in Proof of Loss on April 14, 2014 which was presented to State Farm in support of Shannon Global Enterprises' claim as follows:

| | |
|---|---|
| Dwelling claim of | $113,000.00 |
| Business property of | $500.00 |
| Loss rental income of | $2100.00 |

h.    State Farm denied coverage for the claim by way of a letter addressed to the Shannon Global Enterprises, LLC dated July 18, 2014

## 5.   ISSUES OF FACT TO BE LITIGATED

a.    Was the fire of March 24, 2014 intentionally set by and/or at the direction of the Plaintiff, and/or did the Plaintiff know of and consent to the setting of the fire?

b.    Did the Plaintiff misrepresent or conceal any material fact or circumstance with the intent to defraud Allstate?

c.    What is the actual cash value of the Steel Street premises damaged by the March 24, 2014 fire?

## 6.   CONTESTED ISSUES OF LAW

a.    Did State Farm breach the subject insurance policy?

b.    Did State Farm violate the Uniform Trade Practices Act, MCL 500.2001, *et seq.*?

## 7.   APPLICABLE LAW

a.    MCL 500.2001

8. **WITNESSES:** Listed in the order that they are anticipated including estimate of time required to examine each.

The Plaintiff **will call** the following witnesses:

1.   Kenny Shannon (1.5 hours)

2.   James Starkey (1.5 hours)   *Tenant (Timing) (how ka)*

3.   Danny Shannon (.5 hour)   *Relative  Partner & Relative  Business Property*

4.   Robin Shannon (.5 hour)   *1 dog patrols  20 properties*

5.   Representatives of State Farm, including but not limited to
     a.   Lisa Shubitowski (.5 hour)   *denied claim*
     b.   Tim Warner (.5 hour)   *allowed inventory/damage*
     c.   April Seibold (.5 hour)   *ordered investigation*
     d.   Anthony Jackson (.5 hour)   *iss'd policy to Shannon*

6.   Representatives of the Detroit Fire Department, including:
     a.   Detroit Firefighter Marcus Richardson, Engine 30 (.5 hour)   *cause & origin*
     b.   Detroit Firefighter Kenneth Brooks, Ladder 17 (.5 hour)   *undetermined*

Plaintiff **may also call** the following witnesses:

1.   Hon. Vonda Evans (.5 hour)   *- w/ Shannon before fire - fundraiser*

State Farm **will call** the following witnesses at the time of trial:

1.   Kenny Shannon (2.0 hours)

2.   David Stayer, fire investigation expert (1.25 hours)   *origin & cause expert*

3.   Representatives of Michigan Basic Property Insurance Association, including but not limited to (.50 hours)
     a.   Keeper of the Records
     b.   Ruth Hannam

4.   Representatives American Bankers of Florida/ Assurant (1.0 hour)
     a.   Keeper of the Records
     b.   Maria Elena Quintana

5.   Representatives of Unitrin/Kemper, including but not limited to (1.0 hour)
     a.   Keeper of the Records
     b.   Greg Makarewicz

*Out Based on Ruling re Other fires*

*2 Denial For Frank*

6.      Representative Nationwide Insurance Company, including but not limited to (.50)
        a.      Keeper of the Records
        b.      Eric Poling

7.      Representatives of American Modern, including but not limited to (1.0 hour)
        a.      David Fow
        b.      Nicole Holz

8.      Robert Trenkle, fire investigation expert, Certified International Investigations (.50 hour)

9.      Representatives of Pinkas, Kopas and Dolin, including but not limited to (.50)
        a.      Kevin Plaggins
        b..     Sara Bowman

State Farm **may also call** the following witnesses:

1.      Representatives of State Farm, including but not limited to        π list
        a.      Lisa Shubitowski (1.0 hour)

2.      Representatives of TCF Bank (.50 hour)

3.      Representatives Michigan First Credit Union (.30 hour)

4.      Representatives of Wayne County Treasurer (.50 hour)        - taxes - status pattern of foreclosure

5.      Representatives of the Detroit Fire Department, including:        π list
        a.  Detroit Firefighter Marcus Richardson, Engine 30 (.3 hour)
        b.  Detroit Firefighter Kenneth Brooks, Ladder 17 (.3 hour)

Both parties reserve their right to call any necessary impeachment and/or rebuttal witnesses.

## 9.  FOR BENCH TRIALS

    Not Applicable

## 10.  DEPOSITION EVIDENCE

    Potential video de bene esse deposition for witnesses unavailable under FRCP 32(a)(4).

## 11.   EXHIBITS

The parties agree that the following documents are admissible and may be introduced into evidence without the need for an authenticating witness:

### A.   JOINTLY AGREED UPON

1.   Rental Dwelling Application, 6/27/12, 3 pgs, (Bates 000001-000003);

2.   Correspondence from State Farm to Shannon Global Enterprise, LLC, 7/18/14, 2 pgs, (Bates 000016-000017);

3.   Correspondence from State Farm to Shannon Global Enterprise, LLC, 5/7/14, 1 pg, (Bates 000045);

4.   Correspondence from State Farm to Shannon Global Enterprises, LLC, 5/6/14, 2 pgs, (Bates 000047-000048);

5.   Memorandum from Shannon Global Enterprises to State Farm, 4/21/14, 3 pgs, (Bates 000054-000056);

6.   Fax from Kenny Shannon to State Farm, 4/15/14, 1 pg, (Bates 000061);

7.   Correspondence from State Farm to Shannon Global Enterprise, LLC, 4/8/14, 3 pgs, (Bates 000062-000064);

8.   Fax from Kenny Shannon to State Farm, 3/26/14, 1 pg, (Bates 000074);

9.   Incident Report, 3/24/14, 3 pgs, (Bates 000079-000082);

10.   Request for Claim Service and Non-Waiver of Rights, 4/4/14, 1 pg, (Bates 000082);

11.   Sworn Statement in Proof of Loss, 4/14/14, 1 pg, (Bates 000084);

12.   State Farm Estimate, 4/9/14, 138 pgs, (Bates 000217-000354);

13.   Diagrams, undated, 5 pgs, (Bates 000355-000359);

14.   Board of Water Commissioners Statements, various dates, 2 pgs, (Bates 000361-000362);

15.   RDP/HO/RCUP, 5/2/14, 11 pgs, (Bates 000363-000373);

16.    Shannon Global Enterprises Statement for James Starkey, 3/26/14, 2 pgs, (Bates 000374-000375);

17.    Stipulated Payment Agreement to Pay Forfeited 2012 and Prior Years Taxes, Interest Penalties and Fees, 4/18/14, 1 pg, (Bates 000376);

18.    Certificate of Change of Registered Office and/or Change of Resident Agent, 6/15/10, 1 pg, (Bates 000377);

19.    ABC Warehouse listings, 4/15/14, 4 pgs, (Bates 000378-000381);

20.    Correspondence from State Farm to State of Michigan Department of Insurance and Financial Services, 7/3/14, 2 pgs, (Bates 000385-000386);

21.    Correspondence from Michigan Department of Insurance and Financial Services to State Farm, 6/26/14, 1 pg, (Bates 000390);

22.    Insurance Complaint Form, 6/26/14, 1 pg, (Bates 000391);

23.    Page 2 from Kenny Shannon, undated, 1 pg, (Bates 000392);

24.    Rehmann Exhibit A - Consent to Conduct Scene Investigation, 3/26/14, 3 pgs, (Bates 000407-000409);

25.    Rehmann Exhibit C - Diagrams, undated, 3 pgs, (Bates 000412-000414);

26.    Rehmann Exhibit D - Evidence Receipt and Disposition Form, 3/25/14, 3 pgs, (Bates 000415-000417);

27.    Rehmann Exhibit E - Photo Log, undated, 38 pgs, (Bates 000418-000455);

28.    SGE Property Management Invoice, 4/14/14, 2 pgs, (Bates 000456-000457);

29.    Shannon Global Enterprises, LLC call log, various dates, 2 pgs, (Bates 000466-000467);

30.    Shannon Global Enterprises, LLC call log, various dates, 2 pgs, (Bates 000468-000469);

31.    Residential Lease Agreement, 6/12/12, 6 pgs, (Bates 000473-000478);

32.    Limited Liability Company Annual Statement, 4/18/13, 2 pgs, (Bates 000479-000480);

33.    Quit Claim Deed, 11/17/11, 1 pg, (Bates 000485);

34.     Kenny Shannon's notes for EUO, 5/27/14, 2 pgs, (Bates 000486-000487);

35.     Profit or Loss from Business, 2013, 3 pgs, (Bates 000488-000490);

36.     EUO Exhibit 1 - Correspondence from PJM to Shannon Global Enterprises, 5/9/14, 3 pgs, (Bates 000826-000828);

37.     EUO Exhibit 2 - Shannon Global Enterprises LLC Members/Shareholders, 5/27/14, 1 pg, (Bates 000829);

38.     EUO Exhibit 3 - Limited Liability Company Annual Statement, 4/18/13, 2 pgs, (Bates 000830-000831);

39.     EUO Exhibit 4 - Tax Returns, 2013, 106 pgs, (Bates 000832-000937);

40.     EUO Exhibit 5 - TCF Bank Statements, various dates, 57 pgs, (Bates 000938-000994);

41.     EUO Exhibit 6 - TCF Bank Statements, various dates, 27 pgs, (Bates 000995-001021);

42.     EUO Exhibit 8 - Stipulated Payment Agreement to Pay Forfeited 2012 and Prior Years Taxes, Interest Penalties and Fees, 4/18/14, 1 pg, (Bates 001023);

43.     EUO Exhibit 9 - Payment Confirmation - eTaxPayments, 5/20/14, 1 pg, (Bates 001024);

44.     EUO Exhibit 10 - Stipulated Payment Agreement to Pay Forfeited 2012 and Prior Years Taxes, Interest Penalties and Fees, 3/19/14, 3 pgs, (Bates 001025-001027);

45.     EUO Exhibit 11 - Stipulated Payment Agreement to Pay Forfeited 2012 and Prior Years Taxes, Interest Penalties and Fees, 3/19/14, 4 pgs, (Bates 001028-001031);

46.     EUO Exhibit 14 - Board of Water Commissioners Statement, various dates, 2 pgs, (Bates 001040-001041);

47.     EUO Exhibit 17 - C.L.U.E. Property Claims Report, 5/20/14, 2 pgs, (Bates 001049-001050);

48.     EUO Exhibit 18 - Correspondence from PJM to Shannon Global Enterprises, 5/28/14, 2 pgs, (Bates 001051-001052);

49.     EUO Exhibit 19 - Bank, Credit Union, and Credit Report Statements, various dates, 59 pgs, (Bates 001053-001111);

50.     EUO Exhibit 21 - Shannon Global Enterprises Call Log, various dates, 4 pgs, (Bates 001115-001118);

51.    EUO Exhibit 22 - Sprint Records and Filing Endorsements, various dates, 9 pgs, (Bates 001119-001127);

52.    EUO Exhibit 23 - Diagram of Origin, undated, 2 pgs, (Bates 001128-001129);

53.    EUO Exhibit 24 - Correspondence from Kenny Shannon to State Farm, 4/15/14, 1 pg, (Bates 001130);

54.    EUO Exhibit 25 - Correspondence from Kenny Shannon to State Farm, 4/21/14, 4 pgs, (Bates 001131-001134);

55.    EUO Exhibit 28 - Kenny Shannon's notes for EUO, 5/27/14, 1 pg, (Bates 001140);

56.    EUO Exhibit 29 - Kenny Shannon's notes for EUO, 5/27/14, 1 pg, (Bates 001141);

57.    EUO Exhibit 30 - Receipts, various dates, 9 pgs, (Bates 001142-001150);

58.    Color Photographs, undated, 310 pgs, (Bates 001151-001460);

59.    Subpoenaed records from:

    a.    TCF Bank
    b.    Michigan First Credit Union
    c.    Sprint
    d.    DTE
    e.    Detroit Water and Sewage
    f.    Wayne County Property tax
    g.    Discover Credit Card
    h.    Auto-Owners
    i.    American Bankers Insurance Company of Florida
    j.    Nationwide Mutual Insurance Company
    k.    Kemper Direct Insurance Company
    l.    Michigan Basic Property Insurance Company

60.    Color Photographs, undated, 26 pgs

61.    Diagram of dwelling and origin, undated, 2 pgs

62.    Shannon Global Enterprises Call History, various dates

*[handwritten: Other rental property covered by SF]*   *[handwritten: ✓ Motion In Limine Coming]*   *[handwritten: why are you still insuring him?]*

**B.   PLAINTIFF'S EXHIBIT**

1.   Declaration pages of Plaintiff's four (4) additional State Farm Rental Insurance Policies, 4 pgs (Defendant objects because the other policies are not relevant under FRE 401 and 402.)

## 12.   EVIDENCE PROBLEMS LIKELY TO ARISE AT TRIAL[1]

a.   Should the Plaintiff be barred from referencing that Plaintiff's lack of criminal prosecution for the March 24, 2014 fire?   *[handwritten: yes]*

b.   Should the Plaintiff be barred from eliciting testimony about "other fires" that occur in the City of Detroit?   *[handwritten: yes]*

c.   Should the Broad Evidence rule apply to the determination of the actual cash value of the Steel Street premises damaged by the March 24, 2014 fire?   *[handwritten: yes]*

d.   Should the Defendant be barred from admitting evidence or eliciting testimony related to Plaintiff's prior insurance claims?   *[handwritten: Open]*

## 13.   VOIR DIRE QUESTIONS

### A.   JOINTLY AGREED UPON

1.   Do you work evenings or nights?   Will you work during the trial?

2.   Have you, a family member or anyone close to you ever been involved in any lawsuit?

  a.   Civil or Criminal?
  b.   Nature of dispute?
  c.   Outcome?
  d.   Tell us your views on that experience.

3.   Have you, a close friend, or any member of your immediate family ever worked in law enforcement or for the fire department?

4.   Have you, a close friend, or any member of your immediate family ever been

---

[1] Motions in Limine 12 (a-c); the Court ruled on 4/29/16 (Docket No. 40)
  Motion in Limine 12 (d) is pending (Docket No. 39)

employed by an insurance company or been engaged in the insurance business?

5.      Have you, a family member or anyone close to you ever made a claim against any

person or insurance company?

        a.      Please tell us about that experience.
        b.      Were you satisfied with handling of the claim?
        c.      Were you satisfied with payment you received?
        d.      Anything that you know of that would preclude you from being fair and
                impartial?

6.      Do you have any prejudice or ill feelings, or strong feelings, for or against the

Defendant, State Farm, simply because it is an insurance company?

        a.      Tell me what is the basis for your feelings.
        b.      Tell me your views on insurance companies, in general.

7.      Do you live in a house or an apartment?

8.      Do you own or rent?

9.      Do you have homeowners or renters insurance?

10.     Have you ever been a landlord or acted as a property manager?

        a.      What type of property?
        b.      How was that experience?

11.     Have you ever sold or attempted to sell any house or real property?

        a.      How would you describe that experience?
        b.      When did you sell?
        c.      How long did it take to sell?
        d.      Did you receive your asking price?

12.     Have you, a family member or anyone close to you ever lived anywhere where a

fire occurred?

                a.      When did the fire occur?
                b.      What was the cause of the fire?
                c.      Was the property insured?

        d.      Was a claim paid?

        e.      How was the overall experience dealing with the insurance company?

13.     Have you ever been the victim of a scam or other crime?

14.     Do you believe the insurance company has a duty to investigate property claims?

15.     Would you expect direct evidence, such as an eye witness to prove that the Plaintiff set the fire?

16.     Is there anyone who is sitting, thinking, if they had only asked X, they would have found out something important about me as it relates to this case?

17.     Is there anyone who is sitting, thinking, if they had only asked X, they would have found out something important about me as it relates to this case?

18.     Do you have any medical, personal or financial problem that would prevent you from serving on this jury?

19.     Do any of you have a special need or require a reasonable accommodation to help you in listening, paying attention, reading printed materials, deliberating, or otherwise participating as a fair juror?

20.     Do any of you know any of the witnesses that have been identified as offering testimony?

21.     Do any of you have any physical or mental issues that might make serving on a jury overly burdensome to you?

22.     Have you ever served on a trial jury before today, here in Michigan or in any state court or federal court?

23.     Have you ever testified in any court proceeding?

24.    Are any of you familiar with the area or address of the incident?

25.    What is your employment?

      a.    Nature of your employer's business?
      b.    The length of your employment?
      c.    Brief job description?

26.    Does any of your employment experience or job-related duties relate to insurance policies, purchasing insurance, reviewing insurance policies or insurance claims?

      a.    Does any of your employment experience relate to investigations or conducting investigative services.

27.    Have any of you ever received benefits from an insurance company, whether through an insurance claim, lawsuit, or otherwise?

      a.    Tell me about that experience.
      b.    Nature of the benefit received?

28.    Have any of you ever purchased insurance?

      a.    What kind?
      b.    Did you use a broker or an insurance agent?
      c.    Did you review policy terms before or after purchasing insurance?

29.    What are you hobbies or recreational activities you enjoy outside of your employment?

30.    Do any of you feel that you will not be able to set aside any of your personal prejudices or biases in the interest of fairly and impartially hearing and deciding this case?

## 14.    JURY INSTRUCTIONS

### A.    AGREED UPON

| 1 | Introductory Comments | M Civ JI 1.01 |
| 2 | Defining Legal Names of Parties and Counsel | M Civ JI 1.02 |

| | | |
|---|---|---|
| 3 | Explanation of Jury Selection and Voir Dire | M Civ JI 1.03 |
| 4 | Juror Oath Before Voir Dire | M Civ JI 1.04 |
| 5 | Prospective Jurors - Health and Other Problems | M Civ JI 1.05 |
| 6 | Juror Oath Following Selection | M Civ JI 1.10 |
| 7 | Responsibility of Judge and Jury | M Civ JI 2.01 |
| 8-9 | Description of Trial Procedure | M Civ JI 2.02 |
| 10 | Jury Deliberation; Jurors as Triers of Fact | M Civ JI 2.03 |
| 11-13 | Jury Must Only Consider Evidence; What Evidence Is | M Civ JI 2.04 |
| 14-16 | Jurors to Keep Open Minds/ Prohibited Actions by Jurors | M Civ JI 2.06 |
| 17 | Objections; Out-of-Presence Hearings | M Civ JI 2.08 |
| 18 | Court to Instruct on Law | M Civ JI 2.09 |
| 19 | Inability to Hear Witness or See Exhibit | M Civ JI 2.10 |
| 20 | Questions by Jurors Allowed | M Civ JI 2.11 |
| 21 | Note Taking by Jurors Allowed | M Civ JI 2.13 |
| 22 | Faithful Performance of Duties; Jury to Follow Instructions | M Civ JI 3.01 |
| 23 | Facts to Be Determined from Evidence | M Civ JI 3.02 |
| 24 | Admission of Evidence | M Civ JI 3.03 |
| 25 | Corporations Entitled to Unprejudiced Treatment | M Civ JI 3.05 |
| 26 | Jury to Consider All the Evidence | M Civ JI 3.09 |
| 27 | Circumstantial Evidence | M Civ JI 3.10 |
| 28 | Jurors May Take Into Account Ordinary | |

|  | Experience and Observations | M Civ JI 3.11 |
| 29 | Prior Inconsistent Statement of Witness | M Civ JI 3.15 |
| 30 | Credibility of Witnesses | M Civ JI 4.01 |
| 31 | Weighing Conflicting Evidence – Number of Witnesses | M.Civ. JI 4.07 |
| 32 | Consideration of Deposition Evidence | M Civ JI 4.11 |

### Special Instructions

| 33-34 | Introduction and Burden of Proof **(Defendant's Proposed)** | *all agreed to —* M Civ JI 142.01 |

| 35-36 | Summary of Claims and Positions **(Defendant's Proposed)** |
|---|---|

        *Murphy v. Cincinnati Ins. Co.*, 772 F.2d 273 (6th Cir. 1985)
        *Mermaid Realty Corp. v. New York Property Ins. Underwriting Assn.*, 534 N.Y.S2d 999 (1988)
        *Claflin v. Commonwealth Ins. Co.*, 110 U.S. 81;3 S.Ct. 507 (1884)
        *Riggs v. Fremont Mutual Ins. Co.,* 85 Mich. App. 203; 270 N.W.2d 654 (1978

| 37 | Affirmative Defenses |

| 38-39 | Intentional Acts Defense **(Defendant's Proposed)** |

        *Peterson v. Oceana Circuit Judge*, 243 Mich. 215 (1928)
        *People v. Porter*, 269 Mich. 294 (1934)
        *People v. Dorrikas*, 354 Mich. 303 (1958)
        *People v. Horowitz*, 37 Mich. App. 151; 194 N.W.2d 375 (1971)
        *George v. Travelers Indemnity Co.*, 81 Mich. App. 106; 265 N.W.2d 59 (1978)
        *O-So Detroit Inc. v. Home Ins. Co.*, 973 F.2d 498 (C.A.6 1991)

| 40-41 | Concealment of Fraud Defense **(Defendant's Proposed)** |

        *West v. Farm Bureau Mut. Ins. Co.*, 63 Mich. App. 279; 234 N.W.2d 485 (1975)
        *Mina v. General Star Indemnity Co.*, 218 Mich. App. 678; 555 N.W.2d 1 (1996)

> *Lykos v. American Home Assurance Co.*, 452 F.Supp. 533 (1978)
> *Fine v. Bellefonte Under.*, 725 F.2d 179 (C.A.2,1984)

42          Exclusive Defenses **(Defendant's Proposed)**

43          Damages - Consider Only if Necessary; Proof **(Defendant's Proposed)**

44-45       Damages   **(Defendant's Proposed)**
> *Davis v. National American Ins. Co.*, 78 Mich. App. 225; 259 N.W.2d 433 (1977)
> *McArney v. Newark Fire Ins. Co.*, 247 NY 176; 159 NE 902 (1928)
> *Carter v. State Farm Mutual Automobile Assn*, 350 Mich. 535; 87 N.W. 105 (1957)
> *Benfield v. H.K. Porter Co.*, 1 Mich. App. 543; 137 N.W.2d 273, 274 (1965)
> *Refrigerated Equipment Co v. Finch*, 257 Mich. 623 (1932)
> *Smith v. Michigan Basic Property Ins. Assn.*, 441 Mich. 181; 490 NW2d 864 (1992)

46-47       Jury Deliberations                               M Civ JI 60.01

48          Verdict

*A finalized hard paper copy will be provided to the Court along with a CD version in Wordperfect format.*

**15.   ESTIMATED LENGTH OF TRIAL**

A.   Jury trial                                    *8 UNANimity*

B.   Number of estimated hours for:

1. Plaintiff's proof: 7-8 hours
2. Cross-examination: 3-4 hours          *12*

C.   Number of estimated hours for:

1. Defendant's proofs:   10-12 hours
2. Cross-examination:    3-4 hours        *5-7*

D.   At this time, the parties do not stipulate to less than a unanimous verdict.

16. **DAMAGES**

The parties stipulate to the following damages:

| | | |
|---|---|---|
| Dwelling: | $96,800 | (replacement cost) |
| | $TBD | (actual cash value - the parties plan to continue discussions with respect to a potential stipulation for the dwelling ACV) |
| Business property: | $500 | (replacement cost & ACV) |
| Loss Rents: | $2,100 | (ACV) |

Interest:    To be determined by the Court and the parties at a later time, if necessary.

*parties will attempt to stipulate to a # for damages*

17. **FORM OF VERDICT**

Agreed upon

18. **JUROR COSTS ATTRIBUTABLE TO PARTIES**

The parties and their counsel understand that, in accordance with Local Rule 38.2, the expense to the United States of bringing jurors to the courthouse for a trial may be assessed to one or more of the parties or counsel if the jury trial has not begun as scheduled or the jurors are not used for that trial for any reason attributable to the parties or counsel.

HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE
Dated: 5/19/16

Date: May 5, 2015

*/s/ Mohammed Nasser*
MOHAMMED A. NASSER
THE PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 S Griswold, Suite 400
Detroit, Michigan 48226
(313) 964-1702
mnasser@perkinslawgroup.net
P74485

*/s/ Shelly Lee Griffin*
SHELLY LEE GRIFFIN
PATRICK, JOHNSON & MOTT, P.C.
Attorneys for State Farm
27777 Franklin Road, Suite 1400
Southfield, Michigan 48034
(248) 356-8590
sgriffin@pjmpc.com
P49488