UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY SHANNON,

                Plaintiff,

                                     Case No. 14-cv-14153

v.

                                     HONORABLE VICTORIA A. ROBERTS

STATE FARM INSURANCE COMPANY,

                Defendant.

_____/

## ORDER DENYING EMERGENCY MOTION (ECF No. 46)

Plaintiff, Kenny Shannon, has sued Defendant, State Farm Insurance Company ("State Farm"), to compel payment of a denied fire insurance claim. Trial is eminent. On May 24, 2016, Shannon filed an Emergency Motion for Certificate of Appealability of Order (Dkt #23) and Motion to Stay Proceedings. The Motion is fully briefed under the Court's accelerated briefing schedule. For the reasons set forth below, Shannon's Motion is **DENIED**.

## I.    BACKGROUND

Shannon requests the Court to issue a certificate for immediate appeal, pursuant to 28 U.S.C. § 1292(b). In particular, Shannon seeks to appeal the Court's prior Order Granting Defendant's Motion to Strike Plaintiff's Experts and Denying Plaintiff's Amended Motion to Reopen Limited Discovery. Although Shannon had contemplated using other experts, he ultimately decided to proceed with only one expert, Sergeant Nathan Erwin, who was to provide expert testimony about the nature of the fire upon which Shannon's claim rests. The Court granted Defendant's Motion to Strike Erwin as

1

an expert because of a documented pattern of untimely compliance and noncompliance with the discovery rules set out in the Federal Rules of Civil Procedure and the Court's prior orders. Shannon alleges that this decision rested upon a faulty understanding of how discovery transpired and that it is a material error because it deprives him of his only expert who could opine on the cause, origin, and plaintiff's involvement in the fire.

The Motion presents two particular issues to be appealed: first, whether Plaintiff's conduct during the course of discovery rose to such level that striking Plaintiff's expert was warranted under Federal Rule of Civil Procedure 37(c); and second, whether the court properly applied Federal Rule of Civil Procedure 37(c) in determining whether to strike plaintiff's expert.

The Order to be appealed was entered on September 28, 2015. The Court denied Shannon's Motion for Reconsideration on January 4, 2016. The Motion seeking the certificate of appeal was not filed until more than five months later, on May 24, 2016, exactly one week before trial is scheduled to begin on May 31, 2016.

## II.    STANDARD OF REVIEW

A motion seeking issuance of a certificate of appeal is governed by 28 U.S.C. § 1292(b). The statute provides in pertinent part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Id.

The Sixth Circuit has interpreted this standard as setting forth three elements,

2

although some decisions have separated the first element into two distinct elements. See, e.g., In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). An appeal may be certified if the moving party meets its burden to establish: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Id. Shannon argues that all three elements have been met.

Review under § 1292(b) is granted "sparingly and only in exceptional cases." Id. (citing Kraus v. Bd. Of County Rd. Comm'rs, 364 F.2d 919, 922 (6th Cir. 1966)). It is to be used only where an immediate appeal may avoid protracted and expensive litigation, but it "is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." Kraus, 364. F.2d at 922. "It does not authorize piecemeal appeals." Local 836 of United Auto. Aerospace & Agr. Implement Workers of Am. (UAW) v. Echlin, Inc., 670 F. Supp. 697, 708 (E.D. Mich. 1986) (citing Kraus, 364 F.2d at 921).

III.    DISCUSSION

   A.    The Issues to be Appealed are not Legal; the First Element is Not Met

   Shannon argues that the two issues to be appealed are properly understood as issues of law and that they are controlling issues. He alleges that the two issues are mixed questions of law and fact, and that such mixed questions are treated as questions of law, citing Newsome v. Young Supply Co., 873 F. Supp. 2d. 872, 875 (E.D. Mich. 2012) and Flint v. Ky. Dep't of Corr., 270 F.3d 340, 346 (6th Cir. 2001). He alleges that these issues are controlling, a term which he claims is more akin to an "affects"

3

test, under which "[a]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." ECF No. 46 at 13.

State Farm responds by asserting that disputes as to evidentiary issues are not "controlling issues of law," and that as applied in this case, the issues are purely factual and not controlling. It asserts that the issues are not "legal" because trial courts have discretion when determining whether to impose sanctions for discovery violations and "A legal question 'generally does not include matters within the discretion of the trial court.'" ECF No. 47 at 15. State Farm also construes the term "controlling" more narrowly, meaning that reversal by the appellate court would terminate the action. Id.

A review of the cited authority makes clear that the appellate decision need not necessarily lead to termination of the suit in order to be "controlling." In this regard, Shannon has the more persuasive position that the issues are controlling. Nevertheless, the issues are not the type of legal questions that are ripe for certification of appeal.

A legal question of the type envisioned in § 1292(b) generally does not include matters within the discretion of the trial court. In re City of Memphis, 293 F.3d 345, 351 (6th Cir. 2002). Moreover, "[a]n allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b)." Id. A similar standard of review and application to § 1292(b) should obtain here, where Shannon alleges that the Court made an improper and erroneous decision under Rule 37 of the Federal Rules of Civil Procedure. See, e.g., Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 955-56 (6th Cir. 2013) (reviewing a district court's dismissal as a sanction for violation of Rule 37 of the Federal Rules of Civil Procedure under abuse of discretion). Because

4

Shannon has not rebutted or otherwise distinguished In re City of Memphis, the Court finds that Shannon has not met his burden to establish the first element that the questions to be appealed are legal questions, let alone controlling legal questions.

**B.    Substantial Grounds for Difference of Opinion Do Not Exist; The Second Element is Not Met**

Shannon asserts that substantial grounds for difference of opinion exist regarding the correctness of the decision reached in the Court's Order.

The Sixth Circuit finds this element met when the moving party establishes at least one of the following circumstances: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." In re Miedzianowski, 735 F.3d 383, 384 (6th Cir. 2013) (citing City of Dearborn v. Comcast of Mich. III, Inc., No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)).

Shannon alleges that this Court's Order falls into the first category – they are difficult, novel, and there is little Sixth Circuit precedent on the issues. Shannon provides no support for this conclusory allegation. By contrast, there are numerous Sixth Circuit decisions which uphold district court orders that strike expert witnesses following discovery violations. See ECF No. 47 at 16-17 (citing Rowe v. Case Equip. Corp., No. 95-6315, 1997 U.S. App. LEXIS 227, at *3-4 (6th Cir. Jan. 2, 1997); Loggins v. Franklin Cty., 218 F. App'x 466, 478 (6th Cir. 2007); Vaughn v. City of Lebanon, 18 F. App'x 252, 261-265 (6th Cir. 2001)).

5

Shannon has not met his burden to establish substantial grounds for a difference of opinion regarding the correctness of the decision reached in the Court's pervious Order.

**C.    Immediate Appeal Will Not Materially Advance the Ultimate Termination of the Litigation; the Third Element is Not Met**

Shannon contends that an immediate appeal will achieve efficiencies of judicial economy and will advance the ultimate termination of the litigation. He argues that expert testimony is the crux of the case, and, accordingly, any order limiting the testimony may lead to an appeal after final judgment. Under Shannon's perspective, if an appeal is taken, it will create great expense to both the parties and the court to try the matter twice.

State Farm views expense from an opposite perspective, noting that there is no guarantee that an interlocutory appeal will preclude Shannon from filing an appeal of right. It makes three principal arguments: first, that interlocutory appeal will only address issues on a piecemeal basis; second, that the appeal will increase the cost of litigation – additional depositions would have to be taken and argument would have to be briefed and made in the Sixth Circuit; and third, that even if the appeal is successful, it will not shorten or terminate the trial – it could lead to a *Daubert* challenge and the case may still go to trial.

"An interlocutory appeal materially advances litigation when it 'save[s] judicial resources and litigant expense.'" Atmosphere Hospitality Mgmt. Servs., LLC v. Royal Realties, LLC, 2014 WL 2938085, at 7 (E.D. Mich. June 26, 2014). Certification of a section 1292(b) appeal "has been deemed inappropriate when the parties have

6

completed discovery, are ready for trial, and where the case could be tried before the interlocutory appeal process could take place." <u>Local 836 of United Auto. Aerospace & Agr. Implement Workers of Am. (UAW) v. Echlin, Inc.</u>, 670 F. Supp. 697, 708 (E.D. Mich. 1986) (citing <u>Kennard v. United Parcel Service, Inc.</u>, 531 F.Supp. 1139 (E.D. Mich. 1982)).

In addition, when determining whether to certify an issue for appeal under Section 1292(b), a court must assess the probability that its decision is in error. Shannon's argument presumes that he would lose at trial – otherwise there is no need to appeal – and, in addition, that the Sixth Circuit will reverse this Court's decision. In lieu of the standard of review mentioned previously (abuse of discretion) and the factual recitation of the discovery violations outlined in the Court's original Order, the Court finds there is a low probability that its decision is in error. Even if this is an erroneous assessment, factors of efficiency, expense, and timeliness weigh heavily against granting the Motion.

Here, discovery has been closed for months. Jury selection is scheduled to begin on the next court business day, with trial taking place shortly thereafter. Trial is expected to last three days, well before the Sixth Circuit could review the matters that Shannon seeks to have certified. An interlocutory appeal at this stage of the litigation would certainly delay rather than advance the ultimate termination of this litigation. Thus, Shannon has failed to establish that the appeal will advance termination of the litigation.

**D.   New Arguments Raised in the Reply Brief are Deemed Waived**

In addition to the arguments summarized above, Shannon raises new arguments

7

in his Reply brief as to why the certificate of appeal should be granted and a stay issued. Principally, he argues that another potential witness, Mr. James Starkey, cannot be found and that Mr. Erwin's testimony is the only other way that he can rebut State Farm's affirmative defense.

A reply is not the proper place to raise an argument for the first time; such arguments are waived. See, e.g., United States v. Owens, 458 F. App'x 444, 446 (6th Cir. 2012); Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) (issues raised for first time in reply brief are waived); Martinez v. Comm'r of Social Sec., No. 09-13700, 2011 WL 1233479, at *2 n. 1 (E.D. Mich. Mar. 30, 2011) ("[T]he new arguments that [the plaintiff] raised for the first time in the reply brief were correctly disregarded by the magistrate judge.").

Finally, the availability of Mr. Starkey did not bear on the Court's original Order, and so it would not be a relevant factor in considering the propriety of a certificate of appealability.

## IV.   CONCLUSION

Shannon cannot meet his burden to establish any of the three elements necessary in order for the Court to issue a certificate of appealability under 28 U.S.C. § 1292(b). He has not demonstrated that the Order to be appealed presents controlling legal issues. He has not established that there are substantial grounds for a difference of opinion. He has not shown that immediate appeal will materially advance the termination of the litigation. Therefore, Shannon's Motion for a certificate of appealability (ECF No. 46) is **DENIED**.

8

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 27, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 27, 2016.

S/Carol A. Pinegar
Deputy Clerk